IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REWARDS NETWORK ESTABLISHMENT SERVICES INC.**, a Delaware Corporation,<br><br>**Plaintiff,**<br><br>v.<br><br>**LA BOUCHERIE, INC.**, a New York Corporation; and **PHILIP LAJAUNIE**, an individual.<br><br>**Defendants.** | Case No. 1:16-cv-09952 |

## AMENDED COMPLAINT

Plaintiff Rewards Network Establishment Services Inc. ("Rewards Network"), by and through its attorneys, Dinsmore & Shohl LLP for its Amended Complaint against defendants La Boucherie, Inc. d/b/a Les Halles ("La Boucherie") and Philip Lajaunie ("Lajaunie"), and states:

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. As set forth below, Rewards Network is diverse from all Defendants in this litigation and the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Rewards Network's claims occurred in this district.

**PARTIES**

3. Rewards Network is a corporation duly organized under the laws of the State of Delaware, which maintains its principal place of business in Chicago, Cook County, Illinois. Rewards Network is authorized to do business in the state of New York.

4. La Boucherie is a New York Corporation with its principal place of business at 411 Park Avenue South, New York, NY 10016.

5. Lajaunie is a citizen of New York. Upon information and belief, Lajaunie resides at 411 Park Avenue South, Apt. 3D, New York, NY 10016.

**GENERAL ALLEGATIONS**

A.  **The Premier Restaurant Funding Program**

6. Rewards Network provides financial and marketing services to the restaurant industry and operates the nation's leading dining rewards program. Individuals who sign up for Rewards Network's dining rewards programs receive benefits (such as frequent flier miles) when they dine at participating restaurants. Restaurants become clients of Rewards Network in part to attract diners who want to earn rewards through Rewards Network's programs. In addition to receiving the marketing services through Rewards Network's programs, participating restaurants also receive valuable business intelligence.

7. In addition to marketing services, Rewards Network also offers working capital to restaurants through its Premier Restaurant Funding Program ("PRF Program"). The PRF Program is a means through which Rewards Network provides capital to restaurants by purchasing future sales, or receivables, of their business.

8. Through the PRF Program, Rewards Network purchases (at a discount) a portion of the restaurant's future payment card sales ("Purchased Receivables"), *i.e.*, the money the restaurant receives each day for meals paid for with payment cards. The restaurant delivers the

Purchased Receivables by paying to Rewards Network a specified percentage of the receivables the restaurant receives every day, until Rewards Network has received the full amount of Purchased Receivables.

9. The PRF Program offers restaurants several advantages over obtaining a business loan. Most significantly, the payments made by the restaurant vary according to the restaurant's sales, rather than being fixed payments on a required schedule.

10. Rewards Network takes certain risks when it buys the Purchased Receivables from a restaurant under the PRF Program. For example, if the restaurant's business is slower than predicted, it can take longer than expected for Rewards Network to receive what it purchased. If the restaurant goes out of business before all Purchased Receivables have been remitted to Rewards Network, Rewards Network can lose money. For this reason, Rewards Network engages in underwriting and secures certain representations and warranties from merchants with respect to the current status of the business.

### B. The Agreement

11. On March 7, 2016, La Boucherie, through Lajaunie, submitted a completed application for Rewards Network's PRF Program. A true and correct copy of the Application is attached hereto and incorporated herein as Exhibit A.

12. On March 10, 2016, Rewards Network and La Boucherie, and 15 John Corp. d/b/a Les Halles Downtown (together with La Boucherie and Lajaunie, the "Restaurant Defendants") entered into a Receivables Purchase and Marketing Agreement (the "Agreement") whereby Rewards Network agreed to pay $600,000.00 (the "Payment") to the Restaurant Defendants in exchange for $768,000.00 in Purchased Receivables, with the Restaurant Defendants agreeing to remit to Rewards Network 7% of their Receivables each day as such Receivables were generated until the entire amount of Purchased Receivables was delivered. A

true and correct copy of the Agreement is attached hereto and incorporated herein as Exhibit B. Rewards Network paid the $600,000 to the Restaurant Defendants on or about March 15, 2016.

13. In order to induce Rewards Network to enter into the Agreement, Lajaunie executed a personal liability agreement ("Personal Liability Agreement"). A true and correct copy of the Personal Liability Agreement is attached hereto and incorporated herein as Exhibit C.

14. The Personal Liability Agreement, which makes Lajaunie liable for the "events of non-performance" specified in the Agreement, is absolute, unconditional, and irrevocable (the Agreement and Personal Liability Agreement are collectively referred to as the "Restaurant Agreements").

### C. Defendants' Default and Misrepresentations Under the Restaurant Agreements.

15. In Section 11 of the Agreement, Restaurant Defendants made several representations to Rewards Network, including, in relevant part, that:

> (d) the fair market value of your assets exceeds your liabilities; (e) you are meeting your current liabilities as they mature; […] (g) you have no reason to believe that your business will cease operations within the next year, and you have not considered or discussed with anyone the possibility of filing a bankruptcy petition […] (i) all of the information provided on your Application for participation in our Program is true and correct […] You agree that, in the event that your Participating Location goes out of business or is the subject of a voluntary or involuntary filing for protection under the United States Bankruptcy Code within forty-five (45) days of us delivering the Purchase Price to you, there shall be a rebuttable presumption that your representations in sections 11(d), (e), (g) and (i) were materially untrue when they were made to us.

16. Moreover, in Sections 12 and 13 of the Agreement, Restaurant Defendants agreed that if "any representation set forth in your Application [or] in Section 11 . . . shall be false or misleading in any material respect," it shall constitute an "event of non-performance" under the Agreement, which shall entitle Rewards Network to recover "the full undelivered Card

4

Receivables balance" along with "all unpaid fees and other amounts due" under the Agreement. It was agreed that these amounts become immediately due and payable upon the occurrence of an Event of Non-Performance.

17. Restaurant Defendants made several misrepresentations under Section 11, and thus, have breached the Agreement.

18. Rewards Network is informed and believes, and on that basis alleges, that La Boucherie was in the process of being evicted for nonpayment of rent since December 2015, and therefore Restaurant Defendants knew that La Boucherie was not meeting its current liabilities and potentially could cease operations within the next year at the time the Agreement was executed.

19. Furthermore, it is believed, and therefore averred, that La Boucherie was unable to meet its liabilities to vendors and employees at the time the Agreement was signed.

20. La Boucherie closed on March 24, 2016, just nine days after receipt of the Payment.

21. Restaurant Defendants breached their obligations under the Agreement. Because La Boucherie went out of business nine days after delivery of the Payment, there is a rebuttable presumption that Restaurant Defendants' representations under Sections 11(d), (e), (g) and (i) were materially untrue at the time they were made.

22. Moreover, by failing to disclose the pending eviction proceedings, and falsely claiming that La Boucherie was current on its lease that did not expire until 2025, Restaurant Defendants made material, intentional and willful misrepresentations under Sections 11(d), (e), (g) and (i).

23. Rewards Network has performed all obligations required of it under the Restaurant Agreements.

24. Restaurant Defendants' conduct constitutes intentional, knowing, material misrepresentations to Rewards Network. Restaurant Defendants engaged in this pattern of fraud for the purpose of inducing Rewards Network to enter into the Agreement. Rewards Network entered into the Agreement, and purchased the Restaurant Defendants' Receivables in reasonable reliance upon Restaurant Defendants' misrepresentations and omissions to Rewards Network's detriment.

25. Lajaunie acted on his own behalf and for his own personal benefit, as well as acting as an owner and officer of the Restaurant Defendants.

26. These misrepresentations constitute Events of Non-Performance under Section 12(k) of the Agreement. Rewards Network has provided notice to Restaurant Defendants of the Event of Non-Performance.

27. As a result of the foregoing Events of Non-Performance, pursuant to Paragraph 13 of the Agreement, as of September 13, 2017, Rewards Network is entitled to receive from Restaurant Defendants the amount of $655,608.73, which includes $664,180.14 plus attorneys' fees and costs of $27,303.34 from the Chapter 11 bankruptcy case filed by 15 John Corp., minus $35,874.75 in payments received. In addition to the amount owed, Rewards Network is entitled to fees and costs and other amounts due under the Agreement, plus all additional damages flowing from the breach of the Agreement, including Rewards Network's reasonable attorneys' fees and expenses, including those incurred in the Chapter 11 bankruptcy case filed by 15 John Corp. *See* Exhibit B at ¶ 13.

## COUNT I
### (BREACH OF CONTRACT – LA BOUCHERIE)

28. Rewards Network incorporates paragraphs 1-27 of this Complaint as though fully set forth herein.

29. In connection with the Agreement, the Restaurant Defendants represented that, *inter alia*, the fair market value of their assets exceeded their liabilities; they were meeting their current liabilities as they mature; they had no reason to believe that their businesses would cease operations within the next year, and they had not considered or discussed with anyone the possibility of filing a bankruptcy petition; and all of the information provided on the Application for participation in Rewards Network's Program is true and correct. *See* Ex. B at ¶ 11.

30. The Restaurant Defendants failed to disclose a pending eviction action against La Boucherie at the time of the execution of the Agreement, breaching Sections 11(d), (e), (g) and (i) of the Agreement.

31. These breaches constitute Events of Non-Performance under Section 12(k) of the Agreement,

32. As a result of these breaches and default under the Agreement, Rewards Network has suffered damages.

WHEREFORE, Plaintiff Rewards Network Establishment Services Inc. requests judgment in its favor and against defendant La Boucherie, awarding it damages due under the Agreement, plus fees and other amounts due under the Agreement, plus all additional damages flowing from the breach of the Agreement, including Rewards Network's reasonable attorneys' fees, expenses, and costs incurred in this action and any related proceedings.

## COUNT II
## (BREACH OF PERSONAL LIABILITY AGREEMENT – LAJAUNIE)

33. Rewards Network incorporates paragraphs 1-32 of this Complaint as though fully set forth herein.

34. In order to induce Rewards Network to enter into the Agreement, Lajaunie executed the Personal Liability Agreement, thereby guaranteeing performance of certain obligations of the Restaurant Defendants, including all of the obligations alleged above. *See* Ex. C.

35. Rewards Network has made demand upon Lajaunie to make payment to Rewards Network pursuant to the Personal Liability Agreement he executed, but Lajaunie has refused to honor his obligations.

36. For this reason, Rewards Network now brings this claim to recover from Lajaunie the amounts that the Restaurant Defendants are obligated to pay Rewards Network under the Agreement, and that Lajaunie is obligated to pay Rewards Network under the Personal Liability Agreement

WHEREFORE, plaintiff Rewards Network Establishment Services Inc. requests judgment in its favor and against defendant Philip Lajaunie, awarding it damages due under the Personal Liability Agreement, as well as, Rewards Network's reasonable attorneys' fees, expenses, and costs incurred in this action and any related proceedings.

## COUNT III
## (FRAUD – ALL DEFENDANTS)

37. Rewards Network incorporates paragraphs 1-36 of this Complaint as though fully set forth herein.

8

38. Restaurant Defendants made false representations or nondisclosures of material fact to Rewards Network when they stated that: (1) La Boucherie was current on its lease payments; (2) La Boucherie's assets exceeded its liabilities, and it was able to meet its liabilities as they became due; (3) they had no reason to believe that La Boucherie would cease operations within the next year; and (4) they failed to disclose the pending eviction proceeding.

39. Restaurant Defendants knew that an eviction proceeding had been filed against La Boucherie since December 2015 and that an employee class action was filed against Restaurant Defendants. Moreover, Restaurant Defendants knew that La Boucherie was unable to meet its liabilities as they came due, and that La Boucherie was unable to pay vendors or employees at the time Lajaunie submitted the Application.

40. Restaurant Defendants made these misrepresentations in order to induce Rewards Network to enter the Agreement, and to purchase the Restaurant Defendants' Receivables.

41. Rewards Network reasonably relied on these misrepresentations, and purchased Restaurant Defendants' Receivables for the sum of $600,000.00.

42. Rewards Network suffered damages as a proximate result of its reliance on Restaurant Defendants' misrepresentations. La Boucherie closed on March 24, 2016, just nine days after receipt of the Purchase Price, and Rewards Network is now unable to collect the receivables it purchased under the Agreement.

43. In doing the acts herein alleged, Restaurant Defendants acted with oppression, fraud, and malice, and Rewards Network is entitled to damages in the sum of $655,608.73 plus attorneys' fees, expenses, and costs incurred.

WHEREFORE, Plaintiff Rewards Network Establishment Services Inc. requests judgment in its favor and against Defendants La Boucherie, Inc.and Philip Lajaunie, awarding it

9

damages caused by the fraudulent misrepresentations, and for such other and further relief that the Court deems just and proper.

        Respectfully submitted,

        By: /s/ Timothy L. Binetti

        Timothy L. Binetti (ARDC No. 6282534)
        Nicole H. Daniel (ARDC No. 6294941)
        DINSMORE & SHOHL LLP
        227 W. Monroe St., Suite 3850
        Chicago, IL 60606
        (312) 428-2723
        (312) 428-2726
        timothy.binetti@dinsmore.com
        nicole.daniel@dinsmore.com

        ***Attorney for Rewards Network Establishment Services Inc.***