IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REWARDS NETWORK ESTABLISHMENT SERVICES INC., a Delaware Corporation, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16 cv 09952 |
| LA BOUCHERIE, INC., a New York Corporation; and PHILIP LAJAUNIE, an Individual, | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' LOCAL RULE 56.1(b)(3)(C) STATEMENT OF ADDITIONAL FACTS**

Defendants, La Boucherie, Inc. ("La Boucherie") and Philip Lajaunie ("Lajaunie") (collectively "Defendants"), by and through their attorneys, Murphy Law Group, hereby submit their Local Rule 56.1(b)(3)(C) statement of additional facts in opposition to Plaintiff's Motion for Summary Judgment as follows:

1.  On or about March 10, 2016, Plaintiff, La Boucherie, Inc. d/b/a Les Halles ("La Boucherie") and 15 John Corp. d/b/a Les Halles Downtown ("15 John Corp.") entered into a Receivables Purchase and Marketing Agreement (the "Agreement"). *Exhibit A*, the Agreement.

2.  On or about March 10, 2016, Lajaunie also signed the Personal Liability Agreement. Exhibit B.

3.  Prior to signing the Agreement, La Boucherie had been a tenant at 411 Park Avenue South, New York, New York 10016 ("411 Park Ave") for twenty-five (25) years. Exhibit C, Affidavit of Philip LaJaunie, ¶¶4-5.

{00295691}

4. During 2015, Lajaunie and La Boucherie hired Robert V. Ferrari ("Ferrari") as their attorney to negotiate with 2727 Realty LLC ("Landlord"), La Boucherie's landlord at the time, to extend the lease for another 10 years. *Ex. C*, ¶¶ 8-9, Exhibit D, Affidavit of Ferrari.

5. The primary issue in negotiating the lease extension, was the significant increase in the rent demanded by Landlord. *Ex. C*, ¶¶ 12-18, *Ex. D*.

6. In November 2015, the increase in La Boucherie's had not been resolved, but negotiations were ongoing and promising. *Ex. C*, ¶ 21.

7. In November 2015, Landlord, Lajaunie, and La Boucherie mutually agreed to the filing of an eviction proceeding to allow La Boucherie's rent and renovation costs to be drawn out of La Boucherie's security deposit of $120,660.48. *Ex. C*, ¶¶ 21-25.

8. In early March 2015, Terrence Brennan ("Brennan"), a world class chef, agreed to be Lajaunie's new business partner. *Ex. C*, ¶ 26.

9. Given the renovations that had been done to La Boucherie's premises and the addition of Brennan, Lajaunie explicitly requested that Ferrari agree to the increased rent demand by Landlord and agree to the 10-year lease extension. *Ex. C*, ¶¶27-29.

10. At Lajaunie's request, Ferrari sent the March 8, 2016 letter to Landlord, which neither Lajaunie nor La Boucherie were given an opportunity to review prior to it being sent. *Ex. C*, ¶ 30-33, Exhibit E, March 8 2016 letter.

11. The March 8, 2016 letter contained many unauthorized statements that were contrary to Lajaunie's and La Boucherie's interests. *Ex. C*, ¶¶ 35-38.

12. Neither Lajaunie nor La Boucherie reviewed the letter before it was sent and neither had knowledge of its existence before this lawsuit. *Ex. C*, ¶¶ 32-33.

13. Without reviewing the March 8, 2016 letter and in reliance on their clear authorization of Ferrari to accept Landlord's conditions, La Boucherie and Lajaunie firmly believed on March 10, 2016 that the lease extension would be signed, the renovations would be completed, and La Boucherie's business would continue for at least the next 10 years. *Ex.* C, ¶ 40.

14. On March 10, 2016 La Boucherie's assets exceeded its liabilities. *Ex.* C, ¶ 41.

15. The Merchant Application, signed by Lajaunie on March 7, 2016 to qualify for the Agreement, exclusively contained truthful and accurate information. *Ex.* C, ¶¶ 68-69.

16. Further, La Boucherie was meeting its obligations on all of its current liabilities on March 10, 2016. *Ex.* C, ¶ 67.

17. La Boucherie and Lajaunie's attorneys did withdraw their representation in the New York employment class action and did file a complaint against them for $137,000 in alleged attorneys' fees. *Ex.* C, 48-63.

18. However, Lajaunie disputed his liability to pay the fees and the case was dismissed with prejudice on July 19, 2018 pursuant to an agreed upon stipulation of discontinuance. *Ex.* C, ¶¶ 59-60, 64, Exhibit F, July 19, 2018 Stipulation Order.

19. Therefore, Lajaunie was never adjudicated liable for the $100,000 in attorneys' fees requested in the May 25, 2016 Letter. *Ex.* C, ¶ 64.

20. Given the aforementioned events, La Boucherie and Lajaunie wholeheartedly believed that the representations made within Section 11 of the Agreement were made truthfully and accurately when the Agreement was executed on March 10, 2016.

21. On March 24, 2016, La Boucherie was forced to close its doors after Landlord unexpectedly informed it that a different tenant had been chosen to rent the premises. *Ex.* C, ¶¶ 45-46.

22. After closing its doors, La Boucherie was unable to remit the card receivables to Rewards Network Establishment Services Inc., ("Plaintiff"). *Ex.* C, ¶ 47.

23. After La Boucherie's closing, Plaintiff sought payment of the entirety of the card receivables under the Agreement from St. John Corp. Doc. No. 89, ¶16.

24. However, St. John Corp. was also forced to close its doors in 2016 and eventually filed for Chapter 7 Bankruptcy. Doc. No. 89, ¶¶ 15-20.

25. On October 24, 2016, Plaintiff filed its Complaint against La Boucherie and Lajaunie for breach of contract and fraud for their alleged false representations in Section 11 of the Agreement. Doc. No. 1.

26. Given Defendants' poor financial situation, neither Lajaunie nor La Boucherie were able to afford an attorney to represent their interests until September 25, 2018. Doc. No. 83, Appearance of Eugene E. Murphy, Jr.

27. As such, Lajaunie was forced to proceed *pro se* until September 25, 2018. Doc. No. 25, Lajaunie *Pro Se* Appearance.

28. Without an attorney to represent itself, La Boucherie was unable to answer the Complaint and an entry of default was entered against La Boucherie on January 19, 2018. Doc. No. 30.

29. Plaintiff filed its Motion for Entry of Judgment by Default on September 6, 2018. Doc. No. 80.

30. After retaining counsel, La Boucherie and Lajaunie filed a Motion to Vacate the Default Judgment on October 11, 2018. Doc. No. 84.

31. Prior to this Court ruling on the Motion to Vacate, Plaintiff filed its Motion for Summary Judgment on October 19, 2018. Doc. No. 87.

32. Since this Court had not yet ruled on the Motion to Vacate, Plaintiff sought summary judgment on Counts I and III against La Boucherie in the event the Court vacated the default judgment against La Boucherie. Doc. No. 87, Page ID # 712.

33. On November 15, 2018, this Court denied La Boucherie's Motion to Vacate. Doc. No. 94.

January 14, 2019

Respectfully Submitted,

LA BOUCHERIE, INC. and PHILIP LAJAUNIE

By: /s/ Eugene E. Murphy, Jr.
One of Their Attorneys

Eugene E. Murphy, Jr. (ARDC No. 6198863)
MURPHY LAW GROUP, LLC
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
Phone (312) 202-3200
emurphy@mhlitigation.com